UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT BURNS<br><br>     Plaintiff,<br><br>v.<br><br>JOHN E. POTTER,<br>POSTMASTER GENERAL<br><br>     Defendant. | Civ. No. 04-728 (WGB)<br><br>   O P I N I O N |

<u>Appearances</u>

Vincent Burns
35 Atlanta Avenue
Piscataway, NJ 08854

    Plaintiff *Pro Se*

Christopher J. Christie, United States Attorney
Colette R. Buchanan, Assistant U.S. Attorney
970 Broad Street
Suite 700
Newark, NJ 07102

    Counsel for Defendant

**BASSLER, DISTRICT JUDGE:**

    This matter comes before the Court on Defendant's motion to dismiss the Complaint of Plaintiff Vincent Burns.

    This Court properly exercises jurisdiction over any federal claim asserted by Plaintiff pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C.A. § 1391(b).

    For the reasons discussed below, Defendant's motion to dismiss is granted, and Plaintiff's entire Complaint is dismissed.

1

**BACKGROUND**

Plaintiff has been employed by the United States Postal Service ("USPS") since September 19, 1984 as a Mail Processing Clerk.  On December 10, 1993, due to an ongoing dispute between fellow employees, Plaintiff threw a chair, some mail, and used profanity towards his supervisor.  As a result, Plaintiff was placed on Emergency Suspension/Administrative Leave on December 10, 1993 and was ultimately removed from his position on January 6, 1994.[1]

The American Postal Workers Union ("Union") grieved Plaintiff's removal through arbitration established by the collective bargaining agreement between the USPS and the Union. On September 24, 1994, an Arbitrator ruled that the USPS did not have just cause to suspend Plaintiff, modifying Plaintiff's removal to a 7-day suspension for his use of profanity and self-help remedies.  The Arbitrator ordered that Plaintiff be compensated for all lost wages and benefits from the date of his leave, excluding the seven-day suspension period.  The USPS paid Plaintiff in accordance with the Order; Plaintiff did not challenge the Arbitrator's decision at the time it was issued nor

---

[1] Removal is similar to a short-term suspension.  When an incident occurs, the USPS can remove an employee from their position and suspend them without pay until a hearing can take place.  The hearing determines whether the employee was rightly removed and consequently, whether back pay should be awarded for time when the employee was wrongly kept from working.

at the time he received payment.

On January 23, 1998, three and a half years after arbitration, Plaintiff asked the Union to challenge the arbitration decision, claiming that his back pay was not properly calculated.  The Arbitrator calculated overtime worked during the removal period using the average overtime of all workers. Plaintiff argues that the actual amount of overtime he claimed to have been able to work should have been used.  At that time, the Union declined to challenge the arbitration decision noting that the grievance had been settled regarding the back pay issue.

Five years later in 2003, Plaintiff again attempted to pursue a claim stating that back pay was not properly calculated. This time, the Union filed a grievance on Plaintiff's behalf seeking to challenge the way the overtime payment was calculated. At Step 1 of the grievance process, the USPS denied the grievance and the Union appealed.  The appeal was subsequently denied by the USPS Grievance Board at Step 2 as being untimely; the Union again appealed.  Before the appeal was heard by the Board , the Union settled the grievance with the USPS on January 27, 2003. The settlement provided that the same overtime averages used in the 1994 arbitration proceedings would be used.  The settlement agreement, however, also required management to provide the Union with the actual data used to calculate Plaintiff's overtime back pay.  Plaintiff did not pursue the grievance with the USPS after

3

this settlement.

On March 3, 2003, Plaintiff filed an informal Equal Employment Opportunity ("EEO") complaint to further pursue his back pay claim.  In a form filed with the EEO on March 19, 2003, Plaintiff claimed that he was being retaliated against by the USPS for activity that occurred in 1993 concerning complaints filed with the EEO on matters of training and a detail assignment.[2]  Plaintiff claims because he filed the 1993 EEO complaints, Defendants were failing to "make [him] whole on [the] arbitration back-pay settlement decision."  Plaintiff filed this Complaint after he became aware that another USPS worker had in January 2003 settled a back pay grievance dating from 1994.  In his complaint, Plaintiff again alleged that overtime back pay was improperly calculated and that the claimed calculation difference was approximately $10,000.

On April 28, 2003, the EEO office dismissed Plaintiff's informal complaint as a collateral attack of an arbitration decision.  As a result, Plaintiff filed a formal complaint with the EEOC on May 10, 2003.  On July 29, 2003, the USPS dismissed Plaintiff's EEO complaint for failure to state a claim under 29 C.F.R. §1614.107(a)(1).  Additionally, the USPS found Plaintiff failed to state a claim for relief pursuant to 29 C.F.R.

---

[2]  Neither Plaintiff nor Defendant provides any further information about this complaint.

4

§1614.103(a) because it was an impermissible collateral attack on a grievance decision in a collective bargaining agreement.

Plaintiff filed a Notice of Appeal/Petition to the Equal Employment Opportunity Commission ("EEOC") on August 26, 2003, stating that his claim sought enforcement of the arbitration decision and thus was not a collateral attack.  The EEOC affirmed the USPS's dismissal of the complaint for failure to state a claim explaining that the complaint addressed the 1994 arbitration award obtained through the grievance process and was therefore, outside the scope of the EEO.  They additionally noted that the appropriate forum for this complaint was the grievance process but that Plaintiff did have a right to file an action with the United States District Court within ninety days from the day he received their decision.

Plaintiff filed a complaint with this Court on February 17, 2004 claiming to receive the EEOC decision on November 22, 2003. He additionally filed an application to proceed *in forma pauperis*, which this Court denied on April 13, 2004.  The case was terminated because Plaintiff failed to pay the filing fee, but reactivated on May 4, 2004, after Plaintiff paid the fee.

Plaintiff's brought his action pursuant to Title VII of the Civil Rights Act of 1964, as amended, for employment discrimination.  He claims that the USPS failed to make him whole according to the back pay settlement, failed to make a provision

5

for an Unemployment Insurance offset which had to be prepaid and
failed to award proper overtime compensation during the period in
which he was improperly removed.  Plaintiff alleged that the
USPS's conduct was discriminatory as retaliation for his prior
EEO involvement in 1993.

Defendant subsequently brought a motion to dismiss
Plaintiff's Complaint.  Plaintiff did not submit any opposition
to Defendant's motion.  For the following reasons, the court
grants Defendant's motion.

## DISCUSSION

Defendant offers three theories as to why this case should
be dismissed.  He first claims that the action must be dismissed
because of untimely and ineffective service of process, and
consequently, a lack of personal jurisdiction.  In addition,
Defendant asserts that the Complaint fails to state a claim upon
which relief can be granted.  Finally, he states that Plaintiff
failed to exhaust his administrative remedies for challenging an
arbitration award.

**Defendant's 12(b)(5) Motions to Dismiss**

Federal Rule of Civil Procedure 12(b)(5) allows a party to
move for a dismissal based upon the pleader's "insufficiency of
service of process."  Fed. R. Civ. P. 12(b)(5).  Rule 4(c)(1)
requires the plaintiff to serve his adversary with a summons and
a copy of the complaint within the time allowed under Rule 4(m).

6

Fed. R. Civ. P. 4(c)(1).  Rule 4(m) states:

> If service of the summons and complaint is not made
> upon a defendant within 120 days after the filing of
> the complaint, the court, upon motion or on its own
> initiative after notice to the plaintiff, shall dismiss
> the action without prejudice as to that defendant or
> direct that service be effected within a specified
> time; provided that if the plaintiff shows good cause
> for the failure, the court shall extend the time for
> service for an appropriate period.

Fed. R. Civ. P. 4(m).  Additionally, Rule 4(i) provides for

service on the United States when an officer or agent of the

United States is sued in his "official capacity."  Fed. R. Civ.

P. 4(i).  Further, 4(i)(1) specifies that the United States is

served:

> by delivering a copy of the summons and the complaint
> to the United States attorney for the district in which
> the action is brought . . . and by also sending a copy
> of the summons and the complaint by registered or
> certified mail to the Attorney General of the United
> States at Washington, District of Columbia, and . . .
> by also sending a copy of the summons and of the
> complaint by registered or certified mail to the
> officer or agency.

Fed. R. Civ. P. 4(i)(1).

Plaintiff's Complaint was filed on February 17, 2004.  On

July 20, 2004, a Summons was issued for the Postmaster General

("Postmaster") and mailed to Plaintiff.  On December 21, 2004,

the Clerk docketed a letter from Plaintiff requesting that

default be entered against Defendant for failing to respond to

the Complaint.  The Court then issued a Summons to the United

States Attorney for the District of New Jersey on February 3,

2005 and Plaintiff filed an executed Summons on February 4, 2005,
reflecting that the Postmaster had been served on August 27,
2004.  On February 9, 2005, Plaintiff served a Summons and
Complaint by mail on the United States Attorney and on February
16, 2005 filed the executed Summons with the Court.

Under Rule 4, Plaintiff had to serve a Summons and a copy of
the Complaint to Defendant Postmaster, the United States Attorney
for the District of New Jersey, and the Attorney General of the
United States within 120 days of February 17, 2004.  Therefore,
Plaintiff was required to serve the Summons and Complaint by June
17, 2004.  Service is improper if any of the three are not
served.  *Peters v. Agents for International Monetary Fund*, 918 F.
Supp. 309, 311 (C.D. Cal. 1995).  Plaintiff did not serve the
Summons on Defendant Postmaster until August 27, 2004.  He also
served a Summons and Complaint on the United States Attorney for
the District of New Jersey on February 9, 2005, almost a full
year after the Complaint was filed.  This Court must grant
Defendant's motion to dismiss for improper service because
Plaintiff failed to serve any party within the requisite 120
days, in addition to failing to serve the Attorney General at
all.

Moreover, the Court must also dismiss Plaintiff's complaint
under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.
Fed. R. Civ. P. 12(b)(2).  "Proper service is still a

8

prerequisite to personal jurisdiction." *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993).  Therefore, since the Court lacks personal jurisdiction over this matter the Court will not review Defendant's final arguments for dismissal.  Plaintiff's Complaint is dismissed.

### CONCLUSION

For the reasons set forth above, the Court hereby ORDERS that Defendant's motion to dismiss is GRANTED without prejudice.


Dated: 22 June 2006


                                 /S/ WILLIAM G. BASSLER
                                 William G. Bassler, U.S.D.J.